**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

INGO SCHRODEL,
an individual,

Case No.:

Plaintiff,
v.

SOLAR SERVICE EXPERTS, LLC, D/B/A
SPRUCE POWER,
a foreign limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign for-profit company, and
TRANS UNION LLC, a foreign limited
liability company,

Defendants.
_______________________________________/

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff, Ingo Schrodel, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designate Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

**COMPLAINT**

**COMES NOW**, Plaintiff. Ingo Schrodel (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, SOLAR SERVICE EXPERTS, LLC d/b/a SPRUCE POWER (hereinafter, "Solar"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union"), (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Solar improperly credit-reported and subsequently verified objectively-inaccurate information related to a utility bill (hereinafter, the "Account") on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Experian and Trans Union.

2. Additionally, this is an action for damages for Experian and Trans Union's violations of the FCRA wherein Experian and Trans Union each continued to incorrectly report the Account with negative information after Plaintiff disputed to Experian and Trans Union wherein Plaintiff advised Experian and Trans Union that such reporting was false and inaccurate.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

4. Defendants are subject to the jurisdiction of this Court, as Defendants each regularly transact business in this District.

5. Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6. At all material times herein, Plaintiff is a natural person residing in Lee County, Florida.

7. At all material times herein, Solar is a foreign corporation that does business in Florida.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

10. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

11. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

12. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from

before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

13. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

14. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

15. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

16. Under the FCRA, any person who willfully fails to comply with any

requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

17. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

**GENERAL ALLEGATIONS**

18. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

19. At all material times herein, Solar, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Lee County, Florida.

20. At all material times herein, Solar is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

21. At all material times herein, Solar reports information concerning an account to Experian and Trans Union including but not limited to, a tradeline account

related to a Solar Account, referenced by account number beginning A0007 (hereinafter, the "Account").

22. At all material times herein, Plaintiff was current on this Account and has never been late.

23. Notwithstanding the foregoing, Solar failed to accurately report the Account to Experian and Trans Union and instead reported the Account as 30 days late in May 2026.

24. At all material times herein, Solar furnishes incorrect and/or incomplete information concerning the Account to Experian and Trans Union —continuing after Plaintiff's repeated disputes—despite that Plaintiff was current with all payments on his Account.

25. Solar furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

26. At all material times herein, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

27. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

28. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

29. Plaintiff obtained this Account on or around December 2017.

30. At some point in time, Plaintiff's Account was transferred to Solar.

31. At some point, the Account was with JPMorgan Chase ("Chase").

32. In May 2026, Solar marked Plaintiff 30 days late on the Account even though he was current.

33. Soon thereafter, Plaintiff disputed the late mark to Experian.

34. Experian received Plaintiff's dispute and conveyed the same to Solar.

35. In response, Solar and Experian verified that Plaintiff was 30 days late on the Account.

36. On or about September 21, 2026, Plaintiff submitted a written dispute to Experian and Trans Union disputing Solar's inaccurate reporting of the Account (the "September 2026 Dispute").

37. Plaintiff provided with his September 2026 Dispute sufficient information for each credit reporting agency to confirm their identity, investigate the incorrect and misleading reporting on the Account including proof of identity, email

correspondence from Solar, and proof of payments proving he was never late.

38. Experian and Trans Union received Plaintiff's September 2026 Dispute.

39. Experian and Trans Union conveyed Plaintiff's September 2026 dispute to Solar, and Solar received the September 2026 dispute.

**40.** In response to Plaintiff's September 2026 Dispute, Experian, Trans Union, and Solar purportedly verified its reporting of the Account as past due.

## DAMAGES

41. Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct.

42. Plaintiff retained Swift Law PLLC. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

43. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

44. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite being current on the Account and all financial responsibility regarding the Account, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

45. Plaintiff lost sleep and suffered from headaches due to Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to Solar Only)**

Plaintiffs re-allege paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

46. Solar is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate/re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and Trans Union delete the reporting of the Account on Plaintiff's credit reports and credit file after investigating/re-investigating Plaintiff's disputes.

47. Solar's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

48. Solar's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Experian and Trans Union Only)**

Plaintiffs re-allege paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

49. Experian and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

50. Experian and Trans Union each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

51. Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

52. Experian and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**
**(as to Experian and Trans Union Only)**

Plaintiffs re-allege paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

53. Experian and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

54. Specifically, Experian and Trans Union willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

55. Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

56. Experian and Trans Union's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute

negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Solar, Experian, and Trans Union for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th St. N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*